**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39560**

| | |
|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 595 |

STATE OF IDAHO,               )     2012 Unpublished Opinion No. 595

                              )

     Plaintiff-Respondent,     )     Filed:  August 17, 2012

                              )

v.                          )     Stephen W. Kenyon, Clerk

                              )

JASON JULIO RIPLEY,        )     THIS IS AN UNPUBLISHED

                              )     OPINION AND SHALL NOT

     Defendant-Appellant.     )     BE CITED AS AUTHORITY

                              )

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Lansing L. Haynes, District Judge.

Judgment of conviction and unified sentence of seventeen years and six months, with seven years and six months determinate, for trafficking in heroin, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Elizabeth Ann Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Jason Julio Ripley pled guilty to trafficking in heroin.  Idaho Code § 37-2732B(a)(6). The district court sentenced Ripley to a unified term of seventeen years and six months, with seven years and six months determinate.  Ripley appeals, contending the district court abused its discretion in imposing an excessive sentence.

As part of the plea agreement, Ripley agreed to a unified sentence of seventeen years and six months, with seven years and six months determinate.  Further, at sentencing, defense counsel recommended that the district court accept the plea agreement and impose the agreed upon sentence.  The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error.  *Thomson v. Olsen*, 147 Idaho

1

99, 106, 205 P.3d 1235, 1242 (2009); *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985). One may not complain of errors one has consented to or acquiesced in. *Thomson*, 147 Idaho at 106, 205 P.3d at 1242; *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). In short, invited errors are not reversible. *Thomson*, 147 Idaho at 106, 205 P.3d at 1242; *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions, as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986). As such, Ripley invited any error relative to the length of his sentence and may not assert error on appeal.

Despite any invited error, Ripley has failed to demonstrate the district court abused its discretion. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Ripley's judgment of conviction and sentence are affirmed.